IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIRE DOOR SOLUTIONS, LLC,

       Plaintiff,

v.                                  Case No. 20-2536-JWB

JAMES CASTRO,

       Defendant.

**MEMORANDUM AND ORDER**

    This case is before the court on Plaintiff's motion to remand the action to state court.  (Doc. 10.)  The motion is fully briefed and is ripe for decision.  (Docs. 19, 20.)  For the reasons stated herein, the motion is DENIED.

**I.  Background**

    Plaintiff filed its petition alleging several claims against Defendant on September 9, 2020, in Johnson County, Kansas, District Court.  (Doc. 1-1 at 1.)  On October 26, 2020, Defendant filed a notice of removal.  (Doc. 1.)  The notice alleges that removal is proper under 28 U.S.C. § 1441(b) based on diversity jurisdiction because Plaintiff is a citizen of Kansas, Defendant is a resident of Summer County, Tennessee, and "Count I of Plaintiff's Petition seeks damages in an amount in excess of $75,000."  (*Id.* at 2.)

    Plaintiff's motion to remand argues Defendant has not shown that the amount in controversy exceeds $75,000.[1]  Plaintiff points out that its petition did not seek any specific amount

---

[1] Although Defendant does not challenge the allegation that Plaintiff is a citizen of Kansas, and the record as a whole indicates the allegation of complete diversity is likely true, the court notes the parties have invoked the wrong standard (*i.e.*, the "principal place of business" test) for determining Plaintiff's citizenship.  For diversity jurisdiction purposes,

of damages.  (Doc. 10 at 4.)  Plaintiff further asserts that Defendant's notice of removal fails to establish the amount in controversy and that Defendant has not established facts to show that the amount exceeds the jurisdictional threshold.  (*Id.*)

Defendant asserts that the notice of removal's allegation of the amount in controversy is plausible, as shown by evidence including declarations submitted by Defendant.  The declarations reference a number of documents, including pleadings filed in a related pending lawsuit, *James Castro v. Fire Door Solutions, LLC,* No. 20-0753-WDC (M.D. Tenn.).  (Doc. 19-1.)

## II.  Legal Standards

Federal district courts have original jurisdiction of civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  With certain exceptions not applicable here, a civil action brought in state court of which a federal district court has original jurisdiction may be removed by the defendant to the federal district court in the place where the action is pending.  28 U.S.C. 1441(a).

A defendant seeking to remove a case to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  By design, this language tracks general pleading standards and clarifies that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading."  *Dart Cherokee Basin Op. Co., LLC v. Owens,* 574 U.S. 81, 87 (2014).  As such, a defendant's amount-in-controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court."  *Id.*  When a plaintiff contests the allegation, removal is proper "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  *Id.* (quoting 28 U.S.C. § 1446(c)(2)(B)).  In the event of a challenge to

---

a limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

the amount, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*

"'To satisfy the preponderance standard, a party must show a reasonable probability that the [amount in] controversy exceeds' $75,000." *Derosa v. Am. Mod. Select Ins. Co.*, No. 19-2380-DDC-TJJ, 2019 WL 5102175, at *2 (D. Kan. Oct. 11, 2019) (quoting *Owens v. Dart Cherokee Basin Operating Co.*, No. 12-4157-JAR-JPO, 2015 WL 7853939, at *3 (D. Kan. Dec. 3, 2015) (internal quotations and citations omitted)). The proponent can establish jurisdictional facts to meet this standard, among other ways, through "interrogatories[,] ... calculation from the complaint's allegations[,] referenc[ing] ... the plaintiff's informal estimates or settlement demands[,] or [ ] introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (internal quotations and citations omitted)). If the proponent shows at least $75,000 is likely "in play," then "it is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." (*Id.*) (quoting *McPhail*, 529 F.3d at 954-55.)

When a complaint seeks declaratory, injunctive, or other equitable relief, "the amount in controversy is measured by the value of the object of the litigation*." Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir.2006) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "The Tenth Circuit has followed what has commonly been referred to as the 'either viewpoint rule,' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.* (citation omitted.)

III.  **Analysis**

Plaintiff's petition alleges that Defendant accepted an offer of employment with Plaintiff on July 6, 2018, and that the parties' employment agreement was conditioned upon execution of a restrictive covenant and confidentiality agreement ("the confidentiality agreement").  (Doc. 1-1 at 2.)  The confidentiality agreement, which was attached to the petition (Doc. 1-1 at 12), required Defendant to handle confidential information in a certain way and also prohibited Defendant from competing with Plaintiff's business for a two-year period after Defendant was no longer employed by Plaintiff.  (*Id.* at 5.)  According to Plaintiff's petition, Defendant voluntarily resigned his employment on July 20, 2020.  (*Id.* at 3.)   The confidentiality agreement further provided that each party "grants the other the right to specifically enforce (including injunctive relief or other equitable relief where appropriate) the terms of this [confidentiality] Agreement," and provided for exclusive jurisdiction and venue in the District Court of Johnson County, Kansas, or the U.S. District Court for the District of Kansas.  (*Id.* at 14.)

According to Count I of Plaintiff's petition, Defendant breached an obligation during his employment to treat confidential information in accordance with the confidentiality agreement through means that included emailing confidential business information to himself for his own benefit and for use in competing with Plaintiff.  (*Id.* at 7.)  The petition alleges that Plaintiff is entitled to recover its costs and attorneys' fees for the breach, as well as "an accounting and repayment of all profits, compensations, commissioners, remunerations or benefits that Defendant, directly or indirectly, realizes or receives as a result of such breach of the Agreement."  (*Id.*)  It additionally seeks "[a]ll other amounts accruing pursuant to the Agreement" and "[s]uch other and further relief as the Court may deem just and equitable."  (*Id.* at 10-11.)

A declaration by Defendant states that the parties' employment agreement included a promise to pay Defendant two years' severance pay if he was involuntary terminated, a promise given in exchange for, and expressly tied to, the two-year no-compete provision in the confidentiality agreement.  (Doc. 19-1 at 2.)  The employment agreement allegedly provided:

> Upon involuntary termination from FDS, you will have an unconditional salary severance package equal to the length of the FDS Noncompete and Confidentiality Agreement.  If you and FDS agree to reduce the time period of the two-year Non-Compete and Confidentiality Agreement the unconditional salary severance package will be reduced by the same time period.

(*Id.* at 3.)  Defendant alleges his annual salary was $222,300.44, and he was involuntarily terminated without cause on July 18, 2020.  (*Id.*)  He alleges Plaintiff refused to pay him the promised severance, prompting him to file suit in Sumner County, Tennessee, on July 30, 2020. The initial petition in the Tennessee action prayed for (among other things) breach-of-contract damages of $444,600.88, representing two years' unpaid severance.  Plaintiff (who was the defendant in the Tennessee lawsuit), removed the action to federal district court in Tennessee, alleging diversity jurisdiction.  (*Castro v. First Door Solutions, LLC,* No. 20-0753-WDC, M.D. Tenn., Docs. 1 at 1-3; 1-1.))

Defendant has satisfied its burden of showing by a preponderance of the evidence that the amount in controversy in the instant matter exceeds $75,000.  Under the "either viewpoint rule," the court considers either the value to Plaintiff or the cost to Defendant of the equitable relief sought as the measure of the amount in controversy.  *Lovell,* 466 F.3d at 897.  The equitable relief sought by Plaintiff has a potential monetary value to Plaintiff and a potential cost to Defendant of at least $444,600.88, representing the two-years' worth of severance payments that are in dispute. According to a declaration by one of Defendant's Tennessee lawyers, Plaintiff is refusing to make the severance payments for reasons that include Defendant's alleged breach of the confidentiality agreement.  (Doc. 19-2 at 3.)  Those payments, which according to Defendant were directly tied

to the no-compete provision in the confidentiality agreement, could fall within Plaintiffs' requested relief of an "accounting and repayment of all … compensations, … remunerations or benefits that Defendant, directly or indirectly, realizes or receives as a result of his breach of the [confidentiality] Agreement" or "other amounts accruing pursuant to the Agreement."  (Doc. 1-1 at 11-12.)

Defendant's response to the motion for remand requests an award of costs and expenses incurred by Defendant in connection with the motion.  (Doc. 19 at 10.)  The motion cites no basis for an award of such fees, however, and the court finds no such basis.

## IV.  Conclusion

Plaintiff's motion to remand (Doc. 10) is DENIED.  IT IS SO ORDERED this 6th day of May, 2021.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE